1
2
3
4
5          UNITED STATES DISTRICT COURT
6          EASTERN DISTRICT OF WASHINGTON
7
   SARAH EMERY,                    )    No. 2:13-CV-361-LRS
8                                  )
                Plaintiff,         )    **ORDER GRANTING**
9                                  )    **PLAINTIFF'S MOTION FOR**
        vs.                        )    **JUDGMENT,** ***INTER ALIA***
10                                 )
   CAROLYN W. COLVIN,              )
11 Acting Commissioner of Social   )
   Security,                       )
12                                 )
                Defendant.         )
13 _____ )

14      **BEFORE THE COURT** are the Plaintiff's Motion For Summary Judgment

15 (ECF No. 29) and the Defendant's Motion For Summary Judgment (ECF No. 34).

16

17                          **JURISDICTION**

18      Sarah Emery, Plaintiff, applied for Title II Disability Insurance benefits (DIB)

19 and Title XVI Supplemental Security Income benefits (SSI) on August 20 and August

20 24, 2010, respectively.  The applications were denied initially and on reconsideration.

21 Plaintiff timely requested a hearing and one was held on March 13, 2012, before

22 Administrative Law Judge (ALJ) Peter F. Belli.  Plaintiff, represented by a non-

23 attorney representative, testified at this hearing.  Jim Van Eck testified as a

24 Vocational Expert (VE).  On May 24, 2012, the ALJ issued a decision finding the

25 Plaintiff not disabled.  The Appeals Council denied a request for review and the ALJ's

26 decision became the final decision of the Commissioner.  This decision is appealable

27 to district court pursuant to 42 U.S.C. §405(g) and §1383(c)(3).

28

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 1**

1

**STATEMENT OF FACTS**

2  The facts have been presented in the administrative transcript, the ALJ's
3  decision, the Plaintiff's and Defendant's briefs, and will only be summarized here. At
4  the time of the administrative hearing, Plaintiff was 31 years old.  She has a high
5  school education and past relevant work experience as a child care attendant, delivery
6  driver, retail clerk, waitress, and a clerical librarian.  Plaintiff alleges disability since
7  July 25, 2007.  Her date last insured for DIB was March 31, 2010.

8

9

**STANDARD OF REVIEW**

10  "The [Commissioner's] determination that a claimant is not disabled will be
11  upheld if the findings of fact are supported by substantial evidence...." *Delgado v.*
12  *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983).  Substantial evidence is more than a mere
13  scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less
14  than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);
15  *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir.
16  1988).  "It means such relevant evidence as a reasonable mind might accept as
17  adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91
18  S.Ct. 1420 (1971).  "[S]uch inferences and conclusions as the [Commissioner] may
19  reasonably draw from the evidence" will also be upheld. *Beane v. Richardson*, 457
20  F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).
21  On review, the court considers the record as a whole, not just the evidence supporting
22  the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.
23  1989); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

24  It is the role of the trier of fact, not this court to resolve conflicts in evidence.
25  *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational
26  interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749
27  F.2d 577, 579 (9th Cir. 1984).

28  A decision supported by substantial evidence will still be set aside if the proper

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 2**

legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

## ISSUES

Plaintiff argues the ALJ erred in not finding Plaintiff disabled because: 1) the ALJ's residual functional capacity (RFC) determination is not supported by substantial evidence; 2) the ALJ failed to properly factor Plaintiff's obesity into his RFC determination; and 3) the ALJ improperly discounted Plaintiff's credibility regarding her subjective pain complaints and claimed physical limitations.

## DISCUSSION

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering her age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. *Id*.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987). Step one determines if she is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i). If she is not, the decision-maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii) and

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 3**

416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step which determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant is able to perform her previous work, she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv). If the claimant cannot perform this work, the fifth and final step in the process determines whether she is able to perform other work in the national economy in view of her age, education and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and 416.920(a)(4)(v).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

The ALJ found the following: 1) Plaintiff has severe impairments which include degenerative cervical spine stenosis, migraine headache, piriformis syndrome, and obesity; 2) Plaintiff does not have an impairment or combination of impairments

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 4**

that meets or equals any of the impairments listed in 20 C.F.R. § 404 Subpart P, App. 1; 3) Plaintiff has the residual functional capacity (RFC) to perform sedentary work except she can lift, carry, push and/or pull 10 pounds occasionally and 10 pounds frequently; she can sit for eight hours in an eight hour workday with normal breaks; she can stand and/or walk for two hours in an eight hour workday with normal breaks; she cannot climb ropes, ladders or scaffolds; she is restricted from crawling; she can occasionally stoop, crouch and kneel; and she cannot work around unprotected hazardous machinery and unprotected heights; 4) Plaintiff's RFC prevents her from performing her past relevant work;  5) Plaintiff's RFC, however, allows her to perform other jobs existing in significant numbers in the national economy including charge account clerk, telephone quotation clerk, and weight tester of paper and pulp. Accordingly, the ALJ concluded the Plaintiff is not disabled.

## MEDICAL SOURCE OPINIONS/CREDIBILITY

It is settled law in the Ninth Circuit that in a disability proceeding, the opinion of a licensed treating or examining physician or psychologist is given special weight because of his/her familiarity with the claimant and his/her condition. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *Smolen v. Chater,* 80 F.3d 1273, 1285-88 (9th Cir. 1996); *Flaten v. Secretary of Health and Human Serv*., 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989).  If the treating or examining physician's or psychologist's opinion is not contradicted, it can be rejected only for clear and convincing reasons. *Lester,* 81 F.3d at 830. If contradicted, the ALJ may reject the opinion if specific, legitimate reasons that are supported by substantial evidence are given. *See Flaten*, 44 F.3d at 1463; *Fair*, 885 F.2d at 605.  "[W]hen evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 5**

supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

In his decision, the ALJ found "the claimant's allegations are inconsistent with medical opinions that show she is quite functional, despite her impairments." (Tr. at p. 26). The ALJ noted that "[a] medical source statement in a May 2009 report stated that the claimant could return to full unrestricted duty without limitations," citing Ex. 22F/101. The document found at p. 101 of Ex. 22F in the transcript supplied to the court is, however, a December 13, 2007 report from Royce Van Gerpen, M.D., and it states that "[t]he patient can continue her regular work activities." (Tr. at p. 700).[1] It is noted that this was only five months after the date of Plaintiff's injury (July 25, 2007). Plaintiff explained that she was off work for a month and then returned to light duty. On November 1, 2007, she returned to full duty because she needed the income. This was in reference to her employment as a delivery driver for her brother's company called "Delivery Boy." (Tr. at p. 698). This past relevant work the ALJ deemed the Plaintiff incapable of returning to and it is clear that the RFC found by the ALJ was not consistent with a "return to full unrestricted duty without limitations."

In his decision, the ALJ also noted that in January of 2011, Michael Kinnison, M.D., opined Plaintiff could lift and/or carry 20 pounds occasionally and 10 pounds frequently; could stand or walk five hours in an eight hour workday; and could sit for six hours in an eight hour workday. (Tr. at pp. 291-92). The ALJ, however, gave "little weight" to Dr. Kinnison's opinion and to the purported "medical source statement in a May 2009 report." Instead, the ALJ gave "great weight" to the

---

[1] As discussed *infra*, the ALJ was apparently referring to a May 4, 2009 independent medical exam report that Dr. Van Gerpen referenced in one or more of his reports.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT- 6**

February 15, 2011 report of state agency reviewing physician  S. Park, M.D., who opined that Plaintiff was capable of lifting and/or carrying, as well as pushing and/or pulling 10 pounds occasionally and 10 pounds frequently; standing and/or walking two hours in an eight hour workday with normal breaks; sitting for six hours in an eight hour workday with normal breaks; occasionally climbing ramps/stairs/ladders/ropes/scaffolds, balancing, stooping, kneeling, crouching, and crawling; and occasionally reaching overhead with the left upper extremity. (Tr. at pp. 378-80).

The ALJ gave "great weight" to Dr. Park's opinion because he deemed it "consistent with the [Plaintiff's] discussed clinical history that show[s] that the claimant's condition is controlled." (Tr. at p. 26).  Dr. Park's opinion is certainly more consistent with the ALJ's determination that Plaintiff is capable of only sedentary work defined as lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools; and although defined as involving sitting, occasional walking and standing may be required.  20 C.F.R. §404.1567(a) and §416.967(a).  Nevertheless, Dr. Park never examined the Plaintiff, but merely reviewed her medical records.

The opinion of a non-examining medical advisor/expert need not be discounted and may serve as substantial evidence when it is supported by other evidence in the record and consistent with the other evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).  Dr. Park's opinion is not wholly supported by and consistent with other evidence in the record, specifically the opinions of Dr. Van Gerpen who, if not considered a treating physician, is definitely an examining physician.  The ALJ's written decision makes no mention of Dr. Van Gerpen by name.  Dr. Van Gerpen saw the Plaintiff on a regular basis from December 2007 to February 2010 in connection with Plaintiff's Labor and Industries (L & I) claim.  In the "History" portion of his February 2010 report, Dr. Van Gerpen noted he had reviewed a May 4, 2009 independent medical exam report that "suggested that all studies were normal

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 7**

1    and that the patient had no abnormalities except report of pain" and "concluded that

2    she was a Category 1 and could return to full unrestricted duty without limitations."

3    (Tr. at p. 449). Dr. Van Gerpen disagreed with this because the Plaintiff "needed

4    assistance in pain management and return to work efforts." (*Id*.). Dr. Van Gerpen felt

5    the Plaintiff's L & I claim was ready to move forward to closure. (*Id*.). He noted the

6    Plaintiff had "reached maximum medical improvement," and that "she has

7    continuously manifest[ed] symptomatology that has interfered with functional

8    abilities such as sitting, standing, as well as lifting and carrying." (Tr. at p. 450). It

9    is apparent from Dr. Van Gerpen's reports that he did not believe Plaintiff was

10   capable of more than "occasional" sitting (Tr. at pp. 451 and 453) and that prolonged

11   sitting presented a problem for her (Tr. at pp. 464 and 465). In his May 8, 2009

12   progress note, Dr. Van Gerpen specifically noted that Plaintiff "would require a

13   position with frequent position changes and limited amount of sitting." (Tr. at p.

14   470).

15       The ALJ did not offer any reasons to discount Dr. Van Gerpen's opinions.

16   Indeed, he apparently ignored them. There is nothing in Plaintiff's testimony or

17   reports about her daily living activities which is contrary to an inability to engage in

18   prolonged sitting that would not allow for frequent position changes. Plaintiff

19   testified that she has to "move around a lot." (Tr. at p. 64). There is no "clear and

20   convincing" reason to discount Plaintiff's credibility on this point as Plaintiff's

21   testimony is consistent with Dr. Van Gerpen's opinion.[2]

22

23   ────────────────

24       [2] An ALJ can only reject a plaintiff's statement about limitations based upon

25   a finding of "affirmative evidence" of malingering or "expressing clear and

26   convincing reasons" for doing so. *Smolen,* 80 F.3d at 1283-84. "In assessing the

27   claimant's credibility, the ALJ may use ordinary techniques of credibility

28

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 8**

The hypothetical presented by the ALJ to the VE at the administrative hearing assumed Plaintiff could sit eight hours out of an eight hour day. (Tr. at p. 88). This hypothetical is not supported by substantial evidence in the record. It is contrary to Dr. Van Gerpen's opinion and Plaintiff's testimony. Accordingly, remand is appropriate for further proceedings at which a VE will be asked to take into account that Plaintiff is limited to sedentary exertion that requires frequent position changes and a limited amount of sitting. Furthermore, the VE will specifically be asked to take into account the limitation opined by Dr. Park with regard to limited overhead reaching with Plaintiff's left arm. (Tr. at p. 380).

**OBESITY**

Although the Commissioner de-listed obesity from the Listing of Impairments in October 1999, he/she issued a Social Security Ruling ("SSR") in 2002 that instructed ALJs of the continued role of obesity in disability evaluations. See SSR 02-01p, 2000 WL 628049 at *1. SSR 02–01p recognizes "that the combined effects

---

evaluation, such as considering the claimant's reputation for truthfulness and any inconsistent statements in her testimony." *Tonapeytan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). See also *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir.2002)(following factors may be considered: 1) claimant's reputation for truthfulness; 2) inconsistencies in the claimant's testimony or between her testimony and her conduct; 3) claimant's daily living activities; 4) claimant's work record; and 5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition)).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 9**

of obesity with other impairments may be greater than the effects of each of the impairments considered separately[]" and that adjudicators must consider obesity under all steps of the disability analysis, "including when assessing an individual's residual functional capacity." See also *Celaya v. Halter*, 332 F.3d 1177, 1182-83 (9th Cir. 2003)

Here, the ALJ found that Plaintiff's obesity constituted a severe impairment at step two. Although he did not specifically discuss the combined effect of obesity with her other impairments in the subsequent steps, this is not reversible error. It is apparent the medical sources, including Dr. Van Gerpen, were aware of Plaintiff's weight in assessing her functional limitations. None of the medical sources, including Dr. Van Gerpen, specifically opined that Plaintiff's obesity exacerbated her functional limitations (i.e., that her obesity limited her ability to sit more than already indicated and required her to change positions even more frequently than indicated). See *Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir. 2005)("[Claimant] has not set forth, and there is no evidence in the record, of any functional limitations as a result of her obesity that the ALJ failed to consider").

## CONCLUSION

Plaintiff's Motion For Summary Judgment (ECF No. 29) is **GRANTED** and Defendant's Motion For Summary Judgment (ECF No. 34) is **DENIED**. The Commissioner's decision is **REVERSED** and pursuant to sentence four of 42 U.S.C. §405(g) and § 1383(c)(3), this matter is **REMANDED** to the Commissioner for additional proceedings and/or findings consistent with this order. An application for attorney fees may be filed by separate motion.

//

//

//

//

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 10**

1    **IT IS SO ORDERED.**    The District Executive shall enter judgment

2    accordingly and forward copies of the judgment and this order to counsel of record.

3    **DATED** this ___24th___ of February, 2015.

4

5                                    *s/Lonny R. Suko*

6    _____
                          LONNY R. SUKO
7                    Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 11**